UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

ELIZABETH FERNANDEZ,

                        Debtor.
-----------------------------------------------------------------X

ISLAND PLASTIC SURGERY, P.C.,

                        Plaintiff,
        vs.

ELIZABETH FERNANDEZ,

                        Defendant.
-----------------------------------------------------------------X

Chapter 7
Case No.: 8-23-74169-ast

Adv. Pro. No.: 8-25-08007-ast

### ORDER DENYING SERIAL MOTIONS TO RECONSIDER AND FOR OTHER RELIEF

On November 8, 2023, Elizabeth Fernandez ("Defendant") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code [Dkt. No. 1].

On January 17, 2025, following this Court's Order extending time to object to discharge or dischargeability of a debt [Case No. 23-74169, Dkt. No. 54], Island Plastic Surgery, P.C. ("Plaintiff") commenced this adversary proceeding against the Defendant by the filing of a complaint (the "Complaint") [Adv. Pro. Dkt. No. 1]. The Complaint sought to determine certain debts owing to Plaintiff as nondischargeable under § 523(a)(6).

On February 18, 2025, Defendant filed an answer to the Complaint (the "Answer") [Adv. Pro. Dkt. No. 6].

After extensive litigation, on March 18, 2026, the Court held a trial.

On May 6, 2026, the Court held an oral ruling conference in accordance with Federal

Rules of Bankruptcy Procedure Rule 7052 (the "Ruling Conference"). Both before and after the Ruling Conference, Defendant and non-party William Bayer Jr. ("Bayer") filed a series of motions.[1]

On May 20, 2026, in accordance with the record made at the Ruling Conference, the Court entered a Judgment (the "Judgment") which held in part that, pursuant to Federal Rules of Civil Procedure Rule 37(b)(2)(A), Defendant was found to be in civil contempt for failure to appear and be examined at a deposition. As a result of being found in civil contempt, Defendant was sanctioned $5,000 which was to be made payable to Plaintiff and is non-dischargeable (the "Sanction"). This Court also explicitly denied all previous motions Bayer and Defendant filed.

On June 2, 2026, Bayer filed a Motion to Alter or Amend and Reconsider the Judgment (the "Bayer Motion") [Adv. Pro. Dkt. No. 107]. On the same day, Defendant filed her own Motion to Alter, Amend, or Vacate the Judgment (the "Fernandez Motion") [Adv. Pro. Dkt. No. 108]. The Fernandez Motion was made under Federal Rules of Bankruptcy Procedure Rules 9023 and 7052, and is thus, substantively a motion to reconsider the Judgment.

The Bayer Motion seeks various forms of relief with respect to the Judgment and the disposition of various filings filed by both Bayer and Defendant referenced above. The Fernandez Motion seeks to vacate the Sanction imposed by the Court.

*The Bayer Motion*

The Bayer Motion asserts that, among other things, this Court failed to afford Bayer the opportunity to be heard in connection with several post-trial motions he filed. The Bayer Motion also requests that the Court clarify certain findings the Court made both at the Ruling

---

[1] See Adv. Pro. Dkt. Nos. 93, 95, and 100.

Conference and in the Judgment.

11 U.S.C. § 1109(b) states that "[a] party in interest … may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). While this adversary proceeding stems from a case which was commenced under Chapter 7 and not Chapter 11, the term "party in interest" "has generally been interpreted in Chapter 7 cases to refer to creditors "who have claims against the estate and whose pecuniary interests are directly affected by the bankruptcy proceedings." *In re Richardson Foods, Inc.*, 667 B.R. 500, 521 (citing *In re Manshul Constr. Corp.*, 223 B.R. 428, 429 (Bankr. S.D.N.Y. 1998) (quoting *In re Slack*, 164 B.R. 19, 22 (Bankr. N.D.N.Y. 1994)).

Here, Bayer is not a party to the underlying bankruptcy case. Bayer filed a proof of claim in the main bankruptcy case; however, that proof of claim was withdrawn on July 2, 2024 [Dkt. No. 31]. Bayer is also not a party to this adversary proceeding as the only two parties are the Plaintiff and Defendant; he was never joined as a party and never sought to intervene. Therefore, Bayer has no prudential right or legal standing under the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to be heard on any issues in this adversary proceeding. Thus, the Bayer Motion is frivolous and is denied in its entirety.

*The Fernandez Motion*

The Fernandez Motion seeks to, among other things, have the Sanction vacated and other meritless forms of relief such as restricting the Court's ruling to what was explicitly put forth in the Judgment and not the entirety of the Ruling Conference.

The legal analysis for a motion to reconsider an order should be considered under Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which incorporates Rule 59 of the Federal Rules of Civil Procedure ("FRCP"). See *Woodard v.*

*Hardenfelder*, 845 F. Supp. 960, 964-67 (E.D.N.Y. 1994) ("The Second Circuit has noted that 'most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision'") (citing *McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990)); *In re Jamesway Corp.*, 203 B.R. 543, 545-46 (Bankr. S.D.N.Y. 1996). Accordingly, the Court will deem the Fernandez Motion to be one under FRCP 59(e) and Bankruptcy Rule 9023. A motion for reconsideration is considered timely under Rule 59(e) and Bankruptcy Rule 9023 if it is filed within fourteen days of the judgment or order. *In re Bankfi*, 2021 WL 2407504, at *2 (Bankr. E.D.N.Y. 2021). The Fernandez Motion was filed thirteen days after the Judgment was entered and is thus, timely.

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked"—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Motions to reconsider under Bankruptcy Rule 9023, as motions to reconsider under FRCP 59, "are not vehicles for 'taking a second bite at the apple[.]'" *Rafter*, 288 Fed. Appx. at 769 (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Facts that are not in the record of the original hearing cannot be said to be facts that the court "overlooked." *Rafter*, 288 Fed. Appx. at 769. See also *Lynch v. Barnard*, 2:18-cv-06893-JS (E.D.N.Y. 2020).

Upon the Court's consideration of the pleadings and of the record in this case as a whole, Defendant has failed to meet her burden under the applicable rules and case law to demonstrate cause to reconsider the Judgment and the Sanction. No error was made by this Court in issuing the Judgment or the Sanction. Defendant asserts that the Sanction cannot stand since the

Judgment fails to identify proof showing the reasonableness of the Sanction as required under Rule 37(b)(2)(C). The Sanction is more than reasonable as the Court expressly stated at the Ruling Conference.

Defendant also tries to argue that Plaintiff's facts regarding her refusal to sit for a deposition were misleading. The Court disagrees. Plaintiff provided ample evidence showing that despite its good faith efforts, Defendant refused to cooperate in discovery on several occasions spanning more than six (6) months.

The Court has considered the other requests for relief contained within the Fernandez Motion and finds them to be meritless as they are without any basis in fact or law.

Finally, the prior and more current filings by Bayer and Fernandez appear to have been generated or aided in generation by the use of some form of artificial intelligence platform. Both Bayer and Fernandez are cautioned not to file any further pleadings that lack substance or merit, and certainly not to do so misguided by the use of artificial intelligence as a substitute for factual and legal research. Should either of them fail to adhere to this admonition, they will be subject to appropriate sanctions under Bankruptcy Rule 9011 and this Court's inherent powers to regulate the proceedings before it.

*[Rest of page left blank intentionally]*

Based on the foregoing, it is hereby

**ORDERED**, that the Bayer Motion is denied in its entirety as Bayer is not a party in interest to this adversary proceeding and his requests are meritless; and it is further

**ORDERED**, that the Fernandez Motion is denied in its entirety for failure to state cause to reconsider the Judgment and the Sanction and her requests are meritless.



Dated: June 5, 2026
    Central Islip, New York

_____
         Alan S. Trust
United States Bankruptcy Judge